FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JAN -7 PM 3: 39

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BUSINESS CAPITAL RISK CONTROL SERVICES, L.L.C. and RESEARCH SPECIALISTS, INC., <br><br> Plaintiffs <br><br> V. <br><br> EQUIFAX, INC., EXPERIAN INFORMATION SOLUTIONS, INC., and TRANSUNION CORP., <br><br> Defendants. | § § § § § § § § § § § § § § | Case No. **09 - 023** <br><br> **SECT. S MAG. 1** |

## TRANSUNION'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now, Defendant TransUnion Corp. ("TransUnion"), and files this, its Notice of Removal, and in support thereof, would respectfully show the Court as follows:

I.

### INTRODUCTION

1. Business Capital Risk Control Services, L.L.C. and Research Specialists, Inc. are the Plaintiffs ("Plaintiffs") in this matter. Equifax, Inc. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion Corp. ("TransUnion"), are named as the Defendants.

2. On November 25, 2008, Plaintiffs filed this action in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, Cause No. 667057, entitled *Business Capital Risk Control Services, L.L.C. and Research Specialists, Inc. v.*

___ Fee #350
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

*Equifax, Inc., Experian Information Solutions, Inc., and TransUnion Corp* ("State Court Action").

3. TransUnion was served with Plaintiffs' Petition for Damages and Writ of Mandamus ("Petition") on December 17, 2008. Equifax was served with Plaintiffs' Petition on December 8, 2008. Experian was served with Plaintiffs' Petition on December 8, 2008. TransUnion filed this Notice of Removal within the thirty (30) day time period required by 28 U.S.C. § 1446(b). Accordingly, this Notice of Removal is timely filed.

4. As of the date of this removal, the time period for filing a responsive pleading in the State Court Action has not expired and no orders have been entered. To TransUnion's knowledge, no further proceedings have occurred in the State Court Action.

II.

## GROUNDS FOR REMOVAL

### A. Federal Question

5. The present suit is an action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441, as it is a civil action founded on a claim or right arising under the laws of the United States. Removal is, therefore, proper because Plaintiffs' claims raise a federal question.

6. In the Petition, Plaintiffs request that they be given access to and the ability to disseminate confidential credit and identifying information of consumers. This information is maintained in the computer databases of the Defendants. Access to and dissemination of consumer credit information is strictly controlled by the Fair Credit

Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  Plaintiffs acknowledge that credit reporting information "is disseminated as per the Fair Credit Reporting Act." Plaintiffs' Pet., ¶ 6.  Specifically, Plaintiffs claim that they can no longer access Defendants databases "in obtaining or evaluating consumer credit information or other related information on consumers for the purposes of furnishing consumer reports to third parties regarding authorized individuals." Plaintiffs' Pet., ¶ 7.  Plaintiffs request "Injunctive Relief ordering Plaintiffs access to the credit-reporting agencies maintained by Defendant and removal of any and all blocks or encumbrances for allowing Plaintiffs to lawfully access consumer-reporting information from said credit-reporting agencies." Plaintiffs' Pet., ¶ 15.

7.   Plaintiffs' right to relief, if any, under the state law causes of action asserted in the Petition turns on the resolution of several actual and substantial questions of federal law that will require the Court to interpret the FCRA and determine whether Plaintiffs can lawfully be permitted to have access to consumers' confidential credit and identifying information regulated by the FCRA.  For example, Defendants are "consumer reporting agencies" as defined by § 1681a(f) of the FCRA.  Section 1681b of the FCRA narrowly restricts the persons to whom Defendants are permitted to furnish consumers' confidential credit and indentifying information.  TransUnion terminated Research Specialists, Inc.'s ("RSI") access to TransUnion's consumer credit information because, after conducting an investigation, TransUnion determined RSI had been using TransUnion's consumer credit information in a manner that violated the permitted uses under the contract between TransUnion and RSI.  Therefore, to decide whether Plaintiffs are entitled to any relief based on their state law causes of action or their

request for mandamus relief will require, among other issues, a determination of whether each Plaintiff has a "permissible purpose" under § 1681b of the FCRA to receive consumer credit information.

8.      Furthermore, §1681q of the FCRA contains penalties for any person "who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses." To decide whether Plaintiffs are entitled to any relief based on their state law causes of action or their request for mandamus relief will require, among other issues, a determination of whether each Plaintiff has obtained or will obtain consumer credit information under false pretenses as prohibited by § 1681q of the FCRA.

9.      Plaintiffs allege that they have used and will use Defendants' confidential credit and identifying information of consumers "for the purposes of furnishing consumer reports to third parties." Plaintiffs' Pet., ¶ 7. In other words, Plaintiffs claim to be "consumer reporting agencies" themselves or, at a minimum, "resellers" of consumer reports. The consequence of either scenario is to implicate numerous provisions of the FCRA that will have to be addressed by the Court in resolving whether Plaintiffs are entitled to any relief based on their state law causes of action or their request for mandamus relief.

10.     A case "arises under" federal law when a state law claim necessarily raises a stated federal question, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 338 (5th Cir. La. 2008), citing *Grable & Sons Metal Products, Inc. v. Darue*

*Engineering & Mfg.*, 545 U.S. 308, 314 (2005). Plaintiffs' state law causes of action and their request for mandamus relief raise a federal question, actually disputed and substantial, under the FCRA. Removal is, therefore, proper under 28 U.S.C. § 1441.

### B.    Diversity of Citizenship

11.    Removal is also proper based on diversity jurisdiction as prescribed by 28 U.S.C. § 1332. Each Plaintiff alleges that due to each Defendant's actions, each Plaintiff has suffered irreparable harm in their ability to conduct business, loss of earning capacity, loss of past and future revenue, damage to reputation, and "other damages to be determined at trial." Plaintiffs' Pet., ¶¶ 11 and 14. Each Plaintiff also seeks a mandamus against each Defendant "ordering Plaintiffs access to the credit-reporting agencies maintained by Defendant and removal of any and all blocks or encumbrances for allowing Plaintiffs to lawfully access consumer-reporting information from said credit-reporting agencies" for an unlimited period of time into the future. Plaintiffs' Pet., ¶ 15. Each Plaintiff seeks recovery of special damages, penalties, court costs, attorney's fees, and interest. Plaintiffs' Pet., Prayer. While Plaintiffs have not specifically pleaded the amount of damages sought, it is facially apparent from the Petition, that the amount in controversy exceeds $75,000. Because it is facially apparent that each Plaintiff's claimed damages exceeds $ 75,000, removal is proper under 28 U.S.C. § 1441. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 884 (5th Cir. 2000).

12.    There is complete diversity of citizenship among the parties as required by 28 U.S.C. § 1332. Plaintiffs are citizens of the State of Louisiana. Plaintiff Business Capital Risk Control Services L.L.C. is a Louisiana company with its principal place of business in Louisiana. Capital Risk Control Services L.L.C.'s only member is Joseph Genovese who is a citizen of the State of Louisiana. Plaintiff Research Specialists, Inc.

is incorporated in the State of Louisiana and has its principal place of business in the State of Louisiana. Equifax is a citizen of the State of Georgia. Equifax is incorporated in the State of Georgia and has its principal place of business in the State of Georgia. Experian is a citizen of the States of Ohio and California. Experian is incorporated in the State of Ohio and has its principal place of business in the State of California. TransUnion is a citizen of States of Delaware and Illinois. TransUnion is incorporated in the State of Delaware and has its principal place of business in the State of Illinois.

III.

**SUPPLEMENTAL JURISDICTION**

13. To the extent any current or future claim in this case does not fall within this Court's jurisdiction as outlined above, this Court has and should exercise supplemental jurisdiction over such claim pursuant to 28 U.S.C. § 1367 and/or 28 U.S.C. § 1441(c).

IV.

**VENUE**

14. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Eastern District of Louisiana encompasses the state court in which this action was originally filed.

V.

**CONSENT OF OTHER DEFENDANTS**

15. The other Defendants consent to the removal of this case. The Joinder in the Removal by Defendant Experian is attached hereto as **Exhibit A.** The Joinder in the Removal by Defendant Equifax is attached hereto as **Exhibit B.**

## VI.

## COMPLIANCE WITH COURT'S GENERAL ORDER

16.   In accordance with this Court's General Order regarding cases removed from state court, a list of all parties still remaining in this action is attached hereto as **Exhibit C**, copies of all pleadings, including answers, filed by the parties in state court are attached hereto as **Exhibit D**, and copies of the return on service of process on those parties filed in state court, if any, are attached as **Exhibit E**.

WHEREFORE, PREMISES CONSIDERED, Defendant TransUnion Corp. removes this action from the 24th Judicial District Court for the Parish of Jefferson, Louisiana, to this Court, on this 7th day of January, 2009.

Respectfully submitted,

_/s/ Glenn P. Orgeron_
GLENN P. ORGERON, T.A. (La. Bar #10235)
glenn.orgeron@keanmiller.com
KEAN MILLER HAWTHORNE D'ARMOND
McCOWAN & JARMAN LLP
909 Poydras Street, Suite 1450
New Orleans, LA  70112
(504) 585-3050
(504) 585-3051 Fax

**COUNSEL FOR TRANSUNION CORP.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following parties on January 7, 2009, as follows:

J. Douglas Sunseri            (via U.S. Mail)
jdsunseri@nsflaw.com
Svetlana "Lana" Crouch
scrouch@nsflaw.com
Peter J. Perez, Jr.
pperez@nsflaw.com
Nicaud & Sunseri, L.L.C.
3000 18th Street
Metairie, LA 70002
504-837-1304
504-833-2843 (Fax)
**Counsel for Plaintiffs**

Allen Miller            (via U.S. Mail)
millera@phelps.com
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
504-566-1311
504-568-9130 (Fax)
**Counsel for Experian**

Troy G. Kubes            (via U.S. Mail)
troy.kubes@equifax.com
Assistant Vice President
Equifax Legal Department
1550 Peachtree Street, NW
Atlanta, GA 30309
404-885-8037
404-885-8800 (Fax)
**Counsel for Equifax**

_____
GLENN P. ORGERON